Curia, per
Wardlaw, J.
The defendant contends that the execution of the plaintiff is yet unsatisfied, and that the defendant had an equity to use this execution, which the plaintiff or his assignees have obstructed — whereby the plaintiff’s right ex equo et bono to have the money now claimed has been defeated.
*3 For the plaintiff it is argued that there are other equities— such as that of the person who is said to have purchased the negroes, Mary and her children, during the intermediate time between the lodgment of the first execution and the lodgment of the second, which are superior to any equity the defendant can urge.
But it is unnecessary to enter into these considerations. It is certain that the sheriff had in his hands both executions against Sullivan — that he has paid money raised under one of them, to the junior, leaving the senior unpaid ; that this was done without the consent of the plaintiff, the senior execution creditor; and that of his own head, and for his own relief, without directions from the plaintiff, the sheriff subsequently proceeded to levy upon the negroes under the senior execution.
Now, it may be, that raising money applicable to an execution, is not of itself ipso facto a satisfaction of |he execution, so as to render the plaintiff therein a trespasser for a subsequent levy; it may be even conceded, contrary to the case of Davis vs. Barkley, 1 Bail. 140, that a senior execution creditor, without the consent of the debtor, may waive his right to money raised, and direct its application to a junior execution. But still the senior execution creditor is entitled to the money if he claim it, and have not waived his right; and no waiver of his right to the money, can result from his refusal to permit his execution to be used in disturbance of the claims of third persons, and against the will of the debtor, when he regards the execution as already having obtained the means of satisfaction in the hands of the officer whose duty it was to enforce it.
Whatever view, then, may be taken of the questions presented by the defendant, it appears that the plaintiff is entitled to retain his verdict.
The motion is therefore dismissed.
Richardson, O’Neall and Evans, JJ. concurred.